UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| RONNIE L. DAVIDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:11-cv-224; 2:09-cr-111 |
| ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Ronnie L. Davidson brings this *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 and a supporting brief, alleging, as grounds for relief, ineffective assistance of counsel during the plea process and at sentencing, [Docs. 43 and 44].[1] The United States has responded to the motion, contending that, in the plea agreement, petitioner waived his right to assert the ineffective assistance claims raised in this § 2255 motion and that, in any event, those claims have no merit, [Doc. 53].

### **I. STANDARD OF REVIEW**

This Court must vacate and set aside a challenged conviction if it finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete

---

[1] All docket number references are to the docket numbers in No. 2:09-cr-111.

miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 434, 428 (1962)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F2d 85, 92 (6th Cir. 1986). The Court finds no need for an evidentiary hearing in this case.

## II. FACTUAL BACKGROUND

On November 11, 2009, a federal grand jury returned a four-count indictment charging petitioner with crack cocaine offenses, [Doc. 1]. Counts One and Two charged that, on two separate dates, petitioner distributed and possessed with the intent to distribute a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Counts Three and Four charged that, on two separate dates, he had distributed and possessed with the intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

The United States filed a notice of intent to use one or more prior state felony convictions to enhance his punishment, alleging seven such convictions, [Doc. 17]. Subsequently, the petitioner entered into a plea agreement, containing an agreed factual basis

2

supporting the plea, [Doc. 23, Plea Agreement ¶ 4]. In the factual agreement, petitioner admitted that, on November 2, 2009, pursuant to a federal warrant, his property in Newport, Tennessee, had been searched; that over 8 grams of cocaine base had been found in a plastic bag in the laundry room; and that he had been seen in the vicinity of that room when the search was initiated. Petitioner provided a statement that any and all illegal narcotics found at his residence belonged to him and, further, that he had possessed the cocaine base for resale. He also acknowledged that, for two to three months, he had bought cocaine and cocaine base and sold approximately "8 ball" to 1/4 ounce quantities of those narcotics about 10 times per week. In addition, on three separate occasions, petitioner had sold crack cocaine to a confidential informant, in amounts of 1.7 grams and 5.3 grams. (The drug amount in the second transaction was not specified, but stated only as "a quantity" of crack cocaine.)

Petitioner also stipulated that he had been convicted on March 2, 1999, in Cocke County Tennessee, for sale of schedule II drugs (cocaine), for which he received a sentence of 20 years' imprisonment.

### III. PROCEDURAL BACKGROUND

Petitioner pled guilty to Count Four of the indictment, [Doc. 29], and Counts One, Two, and Three were dismissed upon the government's motion, [Docs. 26 and 38].

A presentence investigation report ("PSR") was ordered and the probation officer found petitioner's offense level to be 24. However, the PSR found that petitioner previously had been convicted on March 2, 1999, of the sale of cocaine in excess of .5 grams,

3

in case numbers 7463 and 7464 in Cocke County, Tennessee (as referenced in the agreed factual basis) and that he also had been convicted on September 29, 1994, of the sale of cocaine, in case numbers 6100, 6101, and 6102 in Cocke County, Tennessee. Based on these two prior felony controlled substance offenses, the probation officer determined that petitioner was a career offender under § USSG 4B1.1(a), and his offense level became 37. A deduction of 3 points for acceptance of responsibility resulted in a total offense level of 34. With a criminal history category of VI (without the career offender finding, his criminal history category was IV), the ensuing guidelines range was 262 to 327 months of imprisonment.

Petitioner did not object to the PSR. Instead, he filed a motion for a variance from the advisory guidelines range, based on the U.S. Justice Department's recent position that the cocaine base/powder cocaine disparity of 100:1 should be eliminated, [Doc. 36]. The Court agreed with that argument, granted the motion, and, applying a post-Fair Sentencing Act offense range, recalculated the range, which resulted in a guidelines range of 188 to 235 months. Petitioner was still subject to a ten-year mandatory minimum for his drug offense. On August 5, 2012, the Court sentenced petitioner to a 188-month term of incarceration, [Docs. 37-38].

Petitioner did not file a direct appeal, but timely filed the instant § 2255 motion and supporting brief, raising the ineffective assistance claims.

4

## IV. ANALYSIS

Petitioner maintains that he received ineffective assistance during his plea and sentencing proceedings. More specifically, petitioner asserts that his attorney assured him that his two prior felony drug convictions did not qualify him as a career offender because the 1994 convictions were over fifteen years old. Thus, based on counsel's assurance and advice, petitioner entered into a plea agreement containing a waiver of his right to seek post-conviction relief, with the exception of certain claims of ineffective assistance. Furthermore, after the PSR was prepared, petitioner's attorney filed a notice that the defense had no objections, despite counsel's earlier representation to petitioner that he was not a career offender and despite the fact that the PSR found petitioner to be a career offender.

Petitioner contends that his criminal history category should have been a category II and that, but for counsel's erroneous advice regarding the career offender designation, he would not have pled guilty. Petitioner further contends that, but for counsel's failure to object to the career offender enhancement, he would not have been sentenced as a career offender.

### A. The § 2255 Waiver

The government's first argument is that all of petitioner's claims are precluded by the waiver of his § 2255 rights in his plea agreement. The plea agreement contained the following provisions:

> ¶ 15(b). In addition [to the waiver of his direct appeal right as set forth in ¶ 15(a)], the defendant knowingly and

5

> voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[Doc. 44 at 10].

It is well settled that a defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (citation and internal quotation marks omitted). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Only challenges to the validity of the waiver itself may be advanced on appeal. *Id.* at 422-23. A provision in a plea agreement waiving the right to file a § 2255 motion is an enforceable waiver, even as to claims of ineffective assistance of counsel, so long as the waiver is done knowingly, intelligently and voluntarily. *See Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *see also Watson*, 165 F.3d at 489 ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.").

In this case, the plea agreement waived the right to file a § 2255 motion as to all issues, save claims of ineffective assistance of counsel and prosecutorial misconduct based on grounds unknown at the time of entry of the judgment. The Court's task is to

6

determine whether the waiver was made knowingly and voluntarily and, if so, whether the claims of ineffective assistance and actual innocence alleged here as grounds for relief would have been known at the time of the judgment.

This Court scrupulously complies with Rule 11 of the Federal Rules of Criminal Procedure governing acceptance of guilty pleas and determines whether a defendant understands the nature of the charge against him, the minimum and maximum penalties he is facing, and the rights he is giving up by pleading guilty. This Court also informs a defendant of, and determines that he understands, the terms of any appellate-waiver or collateral-attack-waiver provision in the plea agreement. Fed. R. Crim. P. 11(b)(1)(N).

In the change-of-plea hearing, the Court advised petitioner that, if his guilty plea was accepted, he was facing a minimum mandatory sentence of at least five years and, if he were determined to have a prior felony drug conviction, a ten-year minimum mandatory sentence as well, [Doc. 48, Plea Hr'g Tr. at 13]. Following the prosecutor's exposition of the penalties for the offense and her specific statement that petitioner's 1999 prior felony drug conviction would subject him to a prison sentence of no less than ten years up to life, the Court advised petitioner that he was "looking at a minimum mandatory sentence of ten years," [*Id.* at 12-13]. When the Court inquired as to whether petitioner understood, he answered, "Yes, Sir," [*Id.* at 13]. Next, the Court specifically questioned the petitioner regarding the waiver provision in the plea agreement to ascertain whether he understood what he was giving up in the agreement and how the Court would arrive at his sentence.

7

THE COURT: Mr. Davidson, do you understand that under the terms of your Plea Agreement in this case you are waiving your right to file an appeal, and any motions or pleadings pursuant to 28 U.S.C. Section 2255, except for ineffective assistance of counsel, prosecutorial misconduct, a change in the law, or imposition of a sentence higher than the guideline range. Now did your attorney explain to you that you are giving up those appellate rights?

MR. DAVIDSON: Yes, Sir.

THE COURT: Very well. And do you understand that the Government has not made any agreement to recommend a particular sentence, and that your sentence will be determined by the Court?

MR. DAVIDSON: Yes, Sir.

THE COURT: You will not be permitted to withdraw your plea on the basis of the sentence that you might receive. Now the Court will not be able to determine your sentence until the Court has received the Presentence Report from the Probation office, which you and the Government will have an opportunity to read and to consider, and you may challenge any of the facts contained in that report.

[*Id.* at 14-15].

As the plea colloquy continued, petitioner indicated that he understood the Court's advice as to other consequences of his guilty plea. Thereafter, the Court found that petitioner understood his rights, was competent to plead guilty, and was doing so knowingly

8

and voluntarily. After specifically finding that petitioner understood the plea agreement made on his behalf, the Court accepted his guilty plea.

It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Prior to taking the plea, the Court explained the waiver provision of the plea agreement and petitioner stipulated to the facts underlying his offense. The plea transcript indicates quite clearly that, before the petitioner entered his guilty plea, he knew that the plea agreement negotiated by his attorney in exchange for his guilty plea included the waiver and he also knew the facts stated in the agreed factual basis because he had concurred with those facts and signed that document. Accordingly, the Court finds that the petitioner knowingly and voluntarily relinquished his right to file this motion, raising claims of ineffective assistance of counsel, so long as these claims were known at the time of his judgment.

Petitioner's own allegations, as well as the record itself, show that petitioner knew at the time of entry of his judgment of the alleged attorney errors which he now advances as claims of ineffective assistance. Petitioner maintains that counsel informed him, prior to his plea agreement, the entry of his plea, and his sentencing that his two prior felony drug convictions did not warrant a career offender increase in sentence because the 1994

9

convictions were over fifteen years old. The PSR apprised petitioner that his attorney's advice concerning the career offender classification was in error, since it contained a career offender enhancement to his sentence. Moreover, after the PSR was prepared, when petitioner's attorney filed a notice that the defense had no objections, petitioner likewise knew that counsel had no stated intention of attacking the career offender finding on the basis that one of petitioner's prior felony drug convictions was more than fifteen years old.

Also, at the sentencing hearing, defense counsel stated that he had reviewed the PSR with petitioner, [Doc. 52, Sent. Hr'g T. at 2]. Counsel further indicated, in arguing in support of petitioner's motion for a variance from the sentencing guidelines, that petitioner's offense level in the PSR included a career offender increase, [*Id.* at 3]. Likewise, in objecting to the Court's grant of a variance, the prosecutor stated twice that petitioner's guideline ranged was "driven by his career offender status," [*Id.* at 5-6]. Indeed, the Court itself referred several times to petitioner's career offender status in ruling on his motion for a variance and pointed out his two prior drug trafficking offenses, explaining that "based on these two prior felonies, the probation officer determined that under the advisory guidelines the defendant should be a career offender," [*Id.* at 9]. Finally, the Court asked petitioner if he admitted that he had the convictions set forth in the government's § 851 notice and in paragraph 3 of the PSR and he so admitted, [*Id.* at 11-12].

Thus, petitioner is bound by his plea agreement wherein he expressly waived "the right to file any motions or pleadings pursuant to pursuant to 28 U.S.C. § 2255 or to

10

collaterally attack the . . . conviction(s) and/or resulting sentence," except for "claims of ineffective assistance of counsel . . . not known to [him] by the time of the entry of judgment." Accordingly, since the claims of ineffective assistance are not within the scope of the grounds reserved in the plea agreement for a collateral attack, petitioner has waived his right to assert those claims, unless he is relieved of the waiver because he received ineffective assistance in connection with the waiver provision of his plea agreement. *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (noting that an appellate waiver may be challenged if it "was the product of ineffective assistance of counsel"). Indeed, "in cases where a defendant argues that his plea . . . was not knowing or voluntary, or was the product of ineffective assistance of counsel ... it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007)); *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (finding a waiver in a plea agreement is not a categorical bar from offering a § 2255 claim of ineffective assistance or involuntariness of the waiver).

**b. Ineffective Assistance**

Petitioner asserts that upon his attorney's advice and after counsel reassured him that his two prior felony convictions did not qualify him as a career offender under § 4B1.1 because one of his convictions was over fifteen years old, he entered into a plea agreement waiving his right to seek post-conviction relief, with the exception, as notable

11

here, of certain ineffective assistance claims, [Doc. 44 at 5]. Broadly construing the allegations, petitioner is alleging that he would not have agreed to the terms of the plea agreement, specifically the waiver provision, but for counsel's incorrect advice concerning the career offender enhancement. *See Campbell*, 686 F.3d at 358 ("[O]ur cases have repeatedly recognized that a waiver of appeal rights can be challenged on various—albeit narrow—grounds, including "that it was not knowing and voluntary. . . or was the product of ineffective assistance of counsel."); *see also United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012) ("Although [defendant's] plea agreement included a waiver-of-appeal provision, that agreement cannot be enforced to bar a claim that the waiver itself . . . was unknowing or involuntary.") (internal quotation marks and citation omitted).

A petitioner who maintains that he had ineffective assistance of counsel must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where a petitioner challenges a guilty plea, he must establish: 1) that the advice he received from counsel in entering the plea was not within the range of competence demanded of attorneys in criminal cases and 2) that he was actually prejudiced in his defense because there is a reasonable probability that, without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

12

In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id.* at 691-92. "An error by counsel at sentencing that amounts to any extra jail time is prejudicial under the Sixth Amendment." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (citing *Glover v. United States*, 531 U.S. 198, 202-04 (2001).

During the guilty plea and sentencing proceedings, petitioner was represented by Troy L. Bowlin, his appointed attorney. Petitioner asserts that Mr. Bowlin gave him ineffective assistance by advising him that one of his prior felony convictions could not be used to establish his career offender status as it was more fifteen years old and second by failing to challenge his being sentenced as a career offender.

At the time of challenged sentencing, a defendant who previously had been convicted of two felony drug offenses was subject to an enhanced mandatory minimum ten-year sentence under U.S.S.G. § 4B1.1 The determination of whether a defendant has been convicted of a prior felony drug offense is informed by section § 4A1.2(e), which instructs that "[a]ny prior sentence of imprisonment exceeding one year and one month that was

13

imposed within fifteen years of the defendant's commencement of the instant offense is counted."

Here, petitioner's state sentences for the cocaine offenses were imposed on September 29, 1994, whereas his federal § 841(a) crack cocaine offense commenced on November 2, 2009, [PSR at ¶ 2]. Therefore, under this provision, petitioner's prior state sentence for his 1994 cocaine conviction was not imposed within fifteen years before he embarked on the criminal conduct charged in Count Four.

However, "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period" also counts as being part of that period. § 4A1.2(e). Even so, "'a sentence of imprisonment' refers only to the portion that was not suspended." §4A1.2(b)(2).

Petitioner was judicially released from his 1994 Cocke County sentences by order dated January 20, 1995, [Probation Officer's File]. Accordingly, petitioner's prior sentence of imprisonment, as defined in § 4A1.2(b)(2), did not "exceed one year and one month," but extended only from September 29, 1994, to January 20, 1995—nine days short of four months. The PSR contains the information regarding the 1994 conviction, including a notation that petitioner was judicially released from his sentence on the specified date. There is no indication that the judicial release was conditioned on petitioner's serving a term of parole or probation or that he subsequently violated any terms of parole or probation. *See*

14

*United States v. Cobb*, 397 Fed. Appx. 1228, 142-143 (6th Cir. Sept. 2, 2010) (career offender designation properly applied where defendant violated the terms of probation and re-incarcerated within fifteen-year window). Accordingly, petitioner did not have the requisite number of prior felony drug convictions and did not qualify for a career offender enhancement.[2]

The Supreme Court has found a deficient performance where counsel failed to examine a court file on a defendant's prior conviction, which the prosecution intended to offer as an aggravating circumstance in a first degree murder offense to justify the imposition of a sentence of death. *Rompilla v. Beard*, 545 U.S. 374 (2005). Finding that defense attorneys were on notice of the prosecutor's plans and that "the prior conviction file was a public document, readily available for the asking," the Supreme Court stated: "There is no need to say more, however, for a further point is clear and dispositive: the lawyers were deficient in failing to examine the court file on [defendant]'s prior conviction." *Id*. at 383-84.

Here too, petitioner's prior conviction was not only a public record, but was listed in ¶ 32 of the PSR, along with the relevant facts concerning petitioner's judicial release from his 1994 cocaine convictions, after serving less than four months' confinement. Also, counsel was on notice that the United States's attorney intended to use petitioner's prior

---

[2] However, petitioner had one prior felony cocaine conviction in 1999 in Cocke County, for which he received a twenty (20) year sentence and for which the PSR quite properly assessed three criminal history points.

15

convictions to increase his punishment, as the government filed a § 851(a)(1) information so stating, [Doc. 17]. Moreover, the prosecutor advanced the prior convictions as justifying a career offender enhancement at the sentencing hearing; the Court likewise indicated the enhancement would apply; and in fact, the PSR applied a career offender enhancement in its sentencing calculations. Under these circumstances, counsel's failure to investigate the petitioner's 1994 Cocke County cocaine convictions to determine whether they qualified petitioner for sentencing as a career offender"fell below the line of reasonable practice," *id.* at 391, and establishes a deficient performance.

Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Had counsel sought and examined the record of petitioner's 1994 state court cocaine convictions, he would have verified what he purportedly had advised his client, that those conviction were not qualifying convictions for the purpose of finding petitioner to be a career offender. With the career offender designation, the Court found petitioner's range to be 188 to 235 months and sentenced him to the bottom of that range. Without the career offender enhancement, petitioner would have had a base offense level of 20, minus three points for acceptance of responsibility, lowering that level to 17, and a Criminal History Category of III, with a resulting guidelines range of 30 to 37 months.

The Supreme Court has held that an increase in a prison sentence of from 6 to 21 months constituted prejudice, assuming that the increase resulted from an error in a sentencing guidelines determination. *Glover,* 521 U.S. at 202. Furthermore, "[w]hen [a] district court sentences a defendant to the low end of the guideline range, ... the appellate court can reasonably infer that the defendant might have received a lower sentence if the guideline range itself had been lower." *McPhearson,* 675 F.3d at 563 (quoting *United States v. Gill,* 348 F.3d 147, 155 (6th Cir. 2003)). Therefore, the Court finds that petitioner was prejudiced by counsel's failure to challenge his sentencing as a career offender and decidedly prejudiced by counsel's advice to waive his right to challenge counsel's error in a § 2255 motion.

To overcome the waiver provision, petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States,* 726 F.3d 958, 966-67 (7th Cir. 2013). Because petitioner received ineffective assistance in connection with the waiver of his right to file a § 2255 motion, the waiver provision in the plea agreement is unenforceable against petitioner.

Therefore, petitioner's § 2255 motion to vacate will be granted on the basis of ineffective assistance of counsel.

## V. CONCLUSION

As noted, petitioner's sentencing guidelines range, without the career offender enhancement is 30 to 37 months. Moreover, under the retroactive crack amendments to the

17

guidelines, the minimum amount of drugs to qualify for a ten-year mandatory minimum sentence is 280 grams of crack cocaine, well above the 15 grams for which petitioner was held accountable. This means that a minimum mandatory sentence is no longer applicable to petitioner. Because petitioner has already served more than the maximum of his guidelines sentencing range and faces no minimum mandatory sentence and because, by judgment, the Court will reduce petitioner's sentence to time served, he is eligible for immediate release from prison. Therefore, the Court will **GRANT** this § 2255 motion and will enter an order resentencing petitioner.

A separate order will enter.

**ENTER:**

_/s/ Leon Jordan_
LEON JORDAN
UNITED STATES DISTRICT JUDGE